UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JASON TORRES,                                                           :

          Plaintiff,                                             :
                                                                             REPORT AND
          -v.-                                                   :  RECOMMENDATION
                                                                      11 Civ. 1819 (LTS) (GWG)
YONKERS POLICE DEP'T, et al.,                                           :

          Defendants.                                            :
------------------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I.     FACTS

       Plaintiff Jason Torres, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983.  See Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, filed Mar. 11, 2011 (Docket # 2).  At the time of the filing, Torres was detained by the Westchester County Department of Corrections.  See id.  On March 29, 2011, an order was issued directing the Clerk of the Court to issue a Summons as to the Yonkers Police Department and directing Torres to serve the Summons and Complaint upon this defendant.  See Order, filed March 29, 2011 (Docket # 8) at 3.

       The March 29, 2011 Order was mailed, via certified mail, to the address plaintiff listed on the Complaint – at the Westchester County Department of Corrections – but the envelope was returned to the Court marked "RTS," presumably meaning "return to sender."  Materials sent by Federal Express on April 1, 2011, for the purpose of allowing plaintiff to request service from the U.S. Marshals, were similarly returned as undeliverable shortly thereafter.

       On June 13, 2011, the undersigned issued an Order directing the plaintiff "to inform the Court by letter immediately of an address where he can be reached."  See Order, filed June 13,

2011 (Docket # 9). The Court further ordered that if Torres did not provide an address at which he could be reached his case may be dismissed for failure to prosecute. See id. A copy of the June 13, 2011 Order was mailed to plaintiff at the Westchester County Jail and the envelope thereafter was returned to the Court with the notation "return to sender." The back of the returned envelope is stamped "inmate discharged from jail/penitentiary."

The Court has had no contact from plaintiff since the filing of the complaint. The public "inmate lookup" portion of the website of the Westchester County Department of Corrections does not reflect that there is a "Jason Torres" in its facilities

II.     DISCUSSION

Fed. R. Civ. P. 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits." Link, 370 U.S. at 630.

While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, see Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001), a district court is not required to discuss these factors in dismissing a case as long as an

explanation is given for the dismissal, see id.; Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here, it is sufficient to say that this case cannot proceed without Torres's participation, and he has provided no method by which the Court can inform him of his obligations in this case or its outcome. Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached. See, e.g., Grace v. New York, 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010); Coleman v. Doe, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006); Dong v. United States, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004); Ortiz v. United States, 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002); Hibbert v. Apfel, 2000 WL 977683, at *2-3 (S.D.N.Y. July 17, 2000). However, because "dismissal with prejudice is 'a harsh remedy to be utilized only in extreme situations,'" Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972)); see generally LeSane, 239 F.3d at 209 ("pro se plaintiffs should be granted special leniency regarding procedural matters"), dismissal of the complaint should be without prejudice, Coleman, 2006 WL 2357846, at *3 (dismissal without prejudice where pro se plaintiff could not be reached at the address he provided) (citation omitted); Whitaker v. N.Y.C. Police Dep't, 1989 WL 37678, at *1 (S.D.N.Y. Apr. 11, 1989) (same).

III. CONCLUSION

For the foregoing reasons, the complaint should be dismissed without prejudice.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of

3

this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Laura Taylor Swain, and to the undersigned, at 500 Pearl Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Swain.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: June 28, 2011
      New York, New York

                                        GABRIEL W. GORENSTEIN
                                      United States Magistrate Judge

Copies sent to:[1]

Corporation Counsel
City of Yonkers
Attn: Rory McCormick
City Hall
40 South Broadway
Yonkers, NY 10701

---

[1] Because the Court has no address for plaintiff, no copy of this Report and Recommendation is being sent to him.  The Court is sending a copy to the Office of the Corporation Counsel for the City of Yonkers, even though no answer to the complaint has been filed, because that Office would normally represent the defendants in this matter.

this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Laura Taylor Swain, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Swain. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: June 27, 2011
      New York, New York

                                            GABRIEL W. GORENSTEIN
                                            United States Magistrate Judge

Copies sent to:[1]

Corporation Counsel
City of Yonkers
Attn: Rory McCormick
City Hall
40 South Broadway
Yonkers, NY 10701

---

[1] Because the Court has no address for plaintiff, no copy of this Report and Recommendation is being sent to him. The Court is sending a copy to the Office of the Corporation Counsel for the City of Yonkers, even though no answer to the complaint has been filed, because that Office would normally represent the defendants in this matter.